# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MICHAEL OTIS ROBERTSON,
ADC #136346                                                                                    PLAINTIFF

v.                                    4:19CV00246-BRW-JTK

CHARLES DOC HOLLADAY, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Michael Robertson is a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants based on an incident which occurred in 2015 at the Pulaski County Detention Center (Jail). (Doc. No. 2.) By Order dated April 15, 2019, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and provided him the opportunity to amend his Complaint based on his failure to include specific allegations against Defendant Holladay and other relevant information about his claims. Plaintiff filed an Amended Complaint (Doc. No. 6).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

2

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

In her Amended Complaint, Plaintiff alleges that when he was placed in the Jail in January 2015 the Jail was notified that he was not to be housed near another inmate, Eddie Gillam, who previously shot Plaintiff. However, on January 5, 2015 he was placed in the same cell as Gillam, who then stabbed Plaintiff in the head with a homemade knife. Plaintiff alleges the Sheriff, Jail Administrator and other Jail officials failed to protect him from harm when they failed to abide by the "keep separate list" which indicated that he was not to be housed near Gillam.in the Jail.

The most appropriate statute of limitations for all actions filed pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state whose law is to be applied. Wilson v. Garcia,

471 U.S. 261 (1985), *superseded by statute on other grounds as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383-5 (2004). In Arkansas, that statute is the three-year statute of limitations set forth in ARK. CODE ANN. §16-56-105. See Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001), where the court applied Arkansas' three-year statute of limitation to an action filed pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that he was attacked by inmate Gillam on January 5, 2015, yet he did not file this lawsuit until April 11, 2019, more than three years after the incident occurred. Therefore, the Court finds that Plaintiff's Complaint was not timely-filed and should be dismissed.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED with prejudice as frivolous.[1]

2. This dismissal constitute a "strike" within the meaning of the PLRA.[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

---

[1] See Myers v. Vogal, where the court held the district court properly dismissed an in forma pauperis complaint as frivolous, on screening, when it was apparent that the statute of limitations had run.   960 F.2d 750, 751 (8th Cir. 1992).

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 15th day of May, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE